## THE STATUTORY LIMITATION ON IMPRISONMENT OF FEMALES.

Common Pleas Court of Franklin County.

MAUD LEWIS v. CITY OF COLUMBUS.*

Decided, October 2, 1924.

*Sentence—Of Females over Sixteen Years of Age—Sovereign Power of the State and the Perrysburg Case—Section 2148-7.*

Municipal courts of Ohio are without power to sentence to jail or workhouse, for a period of more than thirty days, females over sixteen years of age convicted of misdemeanors or deliquency; and where such a person is remanded to jail in default of paymen of fine or costs or both, the period of imprisonment can not exceed thirty days.

*Joseph L. Stanton,* for plaintiff.
*Charles Leach,* for defendant.

KINKEAD, J.

Plaintiff in error was convicted of a misdemeanor in municipal court and sentenced to pay a fine of $100 and sixty days in the work house  The prosecution was under a municipal ordinance which authorized the assessment of a penalty of not less than one hundred dollars. or be imprisoned not more than sixty days, or both.  Counsel for plaintiff in error contends that the provisions of General Code, Section 2148-7 governs. This provides that:

"It shall be unlawful to sentence any female convicted of a misdemeanor or delinquency to be confined in any such place, except in both cases the reformatory herein provided for, the girls' industrial school or other institution for juvenile delinquency, *unless such person is over sixteen years of age and has been sentenced for less than thirty days,* or is remanded to jail in default of payment of either fine or costs or both, which will cause imprisonment for less than thirty days."

This statute applies to the sentences of females for misdemeanors by municipal courts and common pleas courts.  The language of the statute in substance and effect imposes a limitation upon the power of all courts in the state forbidding a sentence of more than thirty days, as well as when imprison-

* For parallel holding, see 24 N. P. (N.S.), 120.

ment results when the accused "is remanded to jail in default of payment of either fine or costs or both, which will cause imprisonment for less than thirty days."

Therefore both common pleas and municipal courts are without power to sentence any female who is convicted of a misdemeanor or delinquency, and who is over sixteen years of age. in a jail or workhouse for a period in excess of thirty days. So where such a person is remanded to jail in default of payment of either fine or costs or both, the imprisonment can not exceed the period thirty days, Code Section 2148-7. This rule applies to every sentence or order of imprisonment except that of contempt of court.

The doctrine of *Perrysburg* v. *Ridgeway*, 108 O. S., 245 in some degree disturbed the equilibrium of the judicial mind concerning state sovereignty under constitutional government. But we shall, it is hoped, be spared from any further deliverances such as that. For if there is any principle of constitutional government which is axiomatic with age and reason it is that the police power of a state is an attribute of sovereignty, possessed by every sovereign state, and is a necessary attribute of every civilized government. It is inherent in the states of our nation, and is not a grant derived from our constitution. 6 R. C. L. 182 Cooley Const. It was left with the states, can not be taken away, but is to be exclusively exercised by the states. Cooley Const. Lim. p. 831 (1903).

So it can not be contended, as the endeavor was in the Perrysburg case (108 O. L. 245), that the home rule city has a sovereignty beyond the inherent sovereignty of a state to enact such statute as 2148-7.

Therefore the judgment of the municipal court is reversed in so far as the sentence exceeds thirty days.